| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br>In re:<br>H.C. ENTERTAINMENT CORP.,<br>                         Debtor.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Presentment Date: February 28, 2003,<br>                 at 12:00 noon<br><br>Chapter 11<br><br>Case No. 01-13591 (REG) |

**NOTICE OF PRESENTMENT FOR AN ORDER AUTHORIZING EXAMINATION
AND PRODUCTION OF DOCUMENTARY EVIDENCE PURSUANT TO RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

      **PLEASE TAKE NOTICE** that, upon the annexed motion (the "Motion") of Waterfront N.Y., L.P. ("Waterfront") for an order directing the Immigration and Naturalization Service to appear for examination and to produce for duplication documents and materials, including computerized data, pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, an order (the "Order") granting the Motion shall be submitted for signature and entry to the Honorable Robert E. Gerber, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, The Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on February 28, 2003 (the "Presentment Date") at 12:00 noon in Chambers.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be in writing, state with particularity the grounds therefor, and be filed with the Clerk of the Court at the Courthouse,(a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242, as amended by General Order M-269), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at (212) 668-2870, ext. 3522, Monday through Friday, 8:30 a.m. to 5:00 p.m.) through the Internet at the Bankruptcy Court's website: www.nysb.uscourts.gov, using Netscape

Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format.  An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.  A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Robert E. Gerber, and served so as to be received by LeBoeuf, Lamb, Greene & MacRae, L.L.P., 125 West 55th Street, New York, New York 10019, Attn: Herbert K. Ryder, Esq.; Geron & Associates, P.C., 13 East 37th Street, Suite 800, New York, NY 10016, Attn: Yan Geron, Esq.; and the United States Trustee's Office, Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Greg M. Zipes, Esq., not later than 11:30 a.m. on February 28, 2003.  Unless objections are received by that time, the Order may be signed.

Dated:   New York, New York
         February 20, 2003

                                     **LeBOEUF, LAMB, GREENE & MacRAE L.L.P.**

                                      By:   /s/ Herbert K. Ryder
                                             John P. Campo (JC-0964)
                                           Herbert K. Ryder (HR-5137)
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000

**COUNSEL TO WATERFRONT N.Y. L.P.**

| UNITED STATES DISTRICT COURT | Presentment Date: February 28, 2003, |
| SOUTHERN DISTRICT OF NEW YORK | at 12:00 noon |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

H.C. ENTERTAINMENT CORP.,

            Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 01-13591 (REG)

**MOTION FOR AN ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTARY EVIDENCE PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

       Waterfront N.Y., L.P. ("Waterfront"), by and through its attorneys, LeBoeuf, Lamb, Greene & MacRae, L.L.P., hereby requests that this Court enter the attached order (the "Order"), pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2004 and 9016, directing the Immigration and Naturalization Service ("INS") to appear for examination and to produce for duplication documents and materials, including computerized data, relating to the matters set forth below. In support of this motion (the "Motion"), Waterfront respectfully represents as follows:

## BACKGROUND

       1.     On June 21, 2001 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Upon an order signed by this Court on December 13, 2001, this proceeding was converted to a proceeding under chapter 7 of the Bankruptcy Code.

       2.     Waterfront is the landlord of certain premises known as the Terminal Warehouse Building, located between 27th and 28th Streets and 11th and 12th Avenues in Manhattan (the "Premises"). The Debtor formerly leased space at the Premises from Waterfront

pursuant to a lease dated May 22, 1992 (as amended from time to time, the "Lease"), and operated a nightclub at the Premises known as the "Tunnel." The Debtor vacated the Premises in or about September, 2001.

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTS**

4. As of the Petition Date, the Debtor owed Waterfront a total of approximately $1,800,000 in unpaid rent, charges and fees. Further, the Debtor has not paid any post-petition rent due under the Lease.

5. Waterfront has learned that the INS recently initiated removal proceedings against Peter Gatien ("Gatien"), the former principal of the Debtor. Conversations with the INS have led Waterfront to believe that the INS records on Gatien may produce information that could lead to the discovery of assets that would be available for the estate.

6. Waterfront has requested that the INS produce any and all documents pertaining to the removal proceedings against Gatien. The INS advised Waterfront that the INS would produce the requested documents upon receipt of a subpoena or other appropriate court order. Waterfront is therefore moving for an order to produce the requested documents pursuant to Bankruptcy Rule 2004.

**THE NEED FOR DISCOVERY**

7. Waterfront requests that it be given authority to conduct discovery pursuant to Bankruptcy Rule 2004 to (a) review any and all documents pertaining to the removal proceedings of Peter Gatien, and (b) to conduct examinations of INS representatives, if necessary.

8. As Bankruptcy Rule 2004(b) provides, the scope of examination may relate to "the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). *See also In re Hammond*, 140 B.R. 197, 199 (S.D. Ohio 1992)("the scope of a Rule 2004 is extremely broad. Indeed some have compared it to a 'fishing expedition.'") (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)); *In re Valley Forge Plaza Associates*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *In re Fearn*, 69 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989)). Waterfront respectfully maintains that the discovery requested herein is well within the broad scope of Bankruptcy Rule 2004.

9. Notice of presentment of the Order has been given to the Debtor, the chapter 7 trustee, the United States Trustee's Office, and the INS. Given the nature of the relief requested herein, Waterfront requests that no further notice be required.

10. Because this Motion does not present any novel issues of law and the authorities relied upon are set forth herein, Waterfront requests that the Court waive and dispense with the requirement set forth in the Local Bankruptcy Rules that any motion filed have an accompanying memorandum of law.

11. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Waterfront respectfully requests that the Court enter the proposed form of Order submitted herewith granting the Motion, and such other and further relief as is just and proper.

Dated:   New York, New York
         February 20, 2003

**LeBOEUF, LAMB, GREENE & MacRAE L.L.P.**

By:   /s/ Herbert K. Ryder
      John P. Campo (JC-0964)
      Herbert K. Ryder (HR-5137)
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000

**COUNSEL TO WATERFRONT N.Y. L.P.**

*NYC 444709*

| UNITED STATES DISTRICT COURT | Presentment Date: February 28, 2003, |
| SOUTHERN DISTRICT OF NEW YORK | at 12:00 noon |

------------------------------------x
In re:  :  Chapter 11
 :
H.C. ENTERTAINMENT CORP., : Case No. 01-13591 (REG)
 :
             Debtor. :
 :
------------------------------------x

**ORDER AUTHORIZING EXAMINATION AND PRODUCTION OF DOCUMENTARY EVIDENCE PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon consideration of the application (the "Application") of Waterfront N.Y., L.P. ("Waterfront") seeking entry of an Order authorizing Waterfront to conduct an examination of, and compel the production of documentary evidence by the Immigration and Naturalization Service, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and it appearing that notice of the Application has been given to the Office of the United States Trustee for the Southern District of New York, the chapter 7 trustee, the Debtor, and the Immigration and Naturalization Service; and it appearing that no further notice of the Application is required; and after due deliberation and sufficient cause appearing therefor; it is hereby

      **ORDERED**, that Waterfront is hereby authorized to take discovery and examinations of the Immigration and Naturalization Service, by any representative of the Immigration and Naturalization Service with knowledge of the removal proceedings of Peter Gatien, pursuant to Bankruptcy Rules 2004 and 9016; and it is further

      **ORDERED**, that the Immigration and Naturalization Service is hereby directed to produce for inspection, copying and audit, at the offices of LeBoeuf, Lamb, Greene & MacRae, L.L.P., or at such other places and times as Waterfront may designate, consistent with

Bankruptcy Rules 2004 and 9016 and in accordance therewith, any and all documents pertaining to the removal proceedings of Peter Gatien; and it is further

**ORDERED**, that counsel for Waterfront shall serve a copy of this Order by first class mail on the Immigration and Naturalization Service within ten (10) days after the entry of this Order; and it is further

**ORDERED**, that Waterfront is authorized to take all actions necessary to effectuate the terms of this Order.

Dated: New York, New York
 February \_\_\_\_, 2003

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

*NYC 444711*