UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :
                                               :       Chapter 7
H.C. ENTERTAINMENT CORP.,                      :
                                               :       Case No. 01-13591 (REG)
                          Debtor.              :
------------------------------------------------------------x

## ORDER (i) APPROVING TRUSTEE'S REPORT OF NO DISTRIBUTION AND REQUEST TO BE DISCHARGED FROM HIS DUTIES AS TRUSTEE OF THIS ESTATE; (ii) OVERRULING WATERFRONT N.Y., L.P.'s OBJECTION TO THE TRUSTEE REPORT AND REQUEST; (iii) DISCHARGING THE TRUSTEE FROM ANY FURTHER DUTIES AS TRUSTEE OF THIS ESTATE; AND (iv) DIRECTING THE CLERK OF THIS COURT TO CLOSE THIS CASE

Upon the report of no distribution, dated December 9, 2003 (the "NDR"), of Yann Geron (the "Trustee"), as Chapter 7 trustee of the estate of H.C. Entertainment Corp., the above-captioned debtor (the "Debtor"), and the Trustee's request to be discharged from his duties as trustee of the Debtor's estate; and upon the objection, dated December 11, 2003 (the "Objection"), of Waterfront N.Y., L.P. ("Waterfront"), a creditor of the Debtor's estate; and upon the Trustee's response to the Objection dated April 5, 2004 (the "Response"); and upon the letter, dated May 7, 2004, of Waterfront to this Court in reply to the Response; and upon the Trustee's letter, dated February 4, 2005, to this Court requesting that a hearing be scheduled on the NDR, Objection and Response; and upon this Court's Order, dated February 7, 2005, scheduling a hearing on the NDR, Objection and Response for March 17, 2005; and upon the letter, dated Mach 14, 2005, from Steven I. Honig, Esq., attorney for Waterfront, supplementing the Objection; and a hearing having been held before this Court on the issues raised in the NDR, Objection, Response and the parties' subsequent submissions, on March 17, 2005 (the

"Hearing"); and upon the record of the Hearing which is expressly incorporated herein and made a part hereof; and for good and sufficient cause; it is hereby

*FOUND*, that the Trustee has fulfilled his duties as fiduciary of the Debtor's estate, including those duties enumerated in section 704 of Title 11 of the United States Code (the "Bankruptcy Code"); and it is further

*FOUND*, that Waterfront has not presented any evidence which demonstrates that the Trustee has failed to fulfill any of his duties under the Bankruptcy Code, or any other code, rules, handbook, or guidelines, which govern the conduct of trustees in bankruptcy; and it is further

*FOUND*, that the Trustee has done all that is reasonable under the circumstances in his investigation of the Debtor and its financial affairs; and it is further

*FOUND*, that the Trustee has done all that is reasonable under the circumstances to work with and accommodate Waterfront;

*NOW, THEREFOR, IT IS HEREBY*

*ORDERED*, that the Objection be, and it hereby is, overruled; and it is further

*ORDERED*, that the Trustee's NDR be, and it hereby is, approved and accepted; and it is further

*ORDERED*, that the Trustee be, and he hereby is, discharged from any further duties as trustee of the Debtor's estate; and it is further

**ORDERED**, that the Clerk of this Court close the Debtor's case as soon as is practicable.

Dated: New York, New York
_____, 2005

_____
United States Bankruptcy Judge

3
NY1 6758v1 03/29/05